# EXHIBIT "1"

RUBIN, FORTUNATO & HARBISON P.C.
10 SOUTH LEOPARD ROAD
PAOLI, PA 19301

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID ZIBBON,
Individually and on Behalf of All Others
Similarly Situated,

    Plaintiffs,

v.

COMPASS SYSTEMS, INC.

    Defendant.

Civil Action No. 8:13-cv-01244-RWT

## DECLARATION OF BRIAN RADETICH

I, BRIAN RADETICH, declare as follows:

1. I am a manager with Heffler Claims Group ("Heffler"), the main offices of which are located at 1515 Market Street, Suite 1700, Philadelphia, Pennsylvania 19102. Heffler was appointed as the Settlement Administrator in the above-captioned matter. I have personal knowledge of the matters set forth in this Declaration and, if called upon as a witness, I could and would competently testify to these matters under penalty of perjury.

2. Heffler has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, employment and labor, consumer and government enforcement matters. Heffler has provided notification and/or claims administration services in more than 700 cases. Of these, more than 30 have been labor and employment law cases.

3. Heffler was engaged by counsel for the parties to provide notification and other services in connection with the settlement reached in the above-captioned matter (the "Settlement"). The services provided or to be provided by Heffler included or will include: a) preparing, printing and mailing of the Notice and Claim Form to members of the Plaintiff

Class; b) receiving and reviewing Claim Forms submitted by members of the Settlement Class ("Settlement Class Members"); c) drafting and mailing Settlement Award checks to Settlement Class Members; d) calculating all applicable tax withholding, employer and employee contributions; e) ensuring compliance with all reporting obligations; and for such other tasks as the parties mutually agree or the Court orders Heffler to perform.

4.  On or about February 6, 2014, Heffler received from counsel for Defendant a mailing list containing a total of 15 names, addresses, last four digits of Social Security numbers and employee identification numbers. Defendant also provided email addresses and telephone numbers for these 15 Plaintiff Class members.

5.  On February 11, 2014, Heffler, under my supervision, mailed copies of the Notice and Claim Form to all 15 Plaintiff Class members via postage pre-paid, first-class USPS mail. On that same date, Heffler also sent copies of the Notice and Claim Form by email to all 15 Plaintiff Class members for whom email addresses were provided. A copy of the Notice and Claim Form disseminated to all Plaintiff Class members is attached hereto as **Exhibit A**.

6.  Heffler used the mailing address of Compass Settlement Administrator, Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102 to receive Claim Forms and undeliverable Notices.

7.  Heffler compiled the information regarding the members of the Plaintiff Class into a database containing 15 records.

8.  In order to provide the best notice practicable, Heffler ran the addresses provided by Defendant for the Plaintiff Class members through the USPS National Change of Address database and also performed address searches using the public and proprietary resources of Lexis/Nexis.

9. On March 14, 2014 (twenty days before the Claim Deadline), Heffler mailed a duplicate copy of the Notice and Claim Form to the 14 members of the Plaintiff Class who had not yet submitted Claim Forms, reminding them of the requirement that completed Claim Forms would be accepted only if postmarked by the April 4, 2014 Claim Deadline. Heffler also emailed reminder Notices and Claim Forms to the 14 Plaintiff Class members for whom email addresses were provided.

10. As of April 8, 2014, no Notices and Claim Forms have been returned by the post office without a forwarding address attached.

11. As of April 8, 2014, a total of 7 Plaintiff Class members had returned valid Claim Forms, postmarked by the April 4, 2014 deadline. As of April 8, 2014, Heffler had not received any Claim Forms postmarked after the April 4, 2014 deadline.

12. As of April 8, 2014 and assuming final approval by the Court of the settlement and Plaintiffs' Uncontested Motion for Approval of Attorney's Fees and Reimbursement of Litigation Costs, it is estimated that the total settlement amount available to the Plaintiff Class members is $88,792.20. It is estimated that the total settlement amount to be distributed to the Settlement Collective Members will be $58,320.85, which is comprised of $5,201.42 in Required Employer Withholdings paid by the Class and Individual Settlement Awards totaling $53,119.43. Heffler is responsible for calculating Settlement Payments in this case. All individuals who have submitted a valid Claim Form will become Settlement Collective Members and will be eligible to receive a Settlement Award. According to the terms of the Settlement Agreement, Heffler will establish a Settlement Account to pay the Fees Award, Incentive Award, Settlement Costs, and Settlement Awards. Heffler will be responsible for calculating all applicable tax withholding, employer and employee contributions, and reporting obligations with respect to the

3

Incentive Award and Settlement Awards. Heffler also will be responsible for mailing Incentive Award and Settlement Award checks to the Named Plaintiff and the Settlement Collective Members.

13. Heffler has made preliminary calculations of the Settlement Awards based on the following formula. First, the following payments were deducted from the Settlement Fund: (a) the Fees Award to Class Counsel, in an amount not to exceed $51,615.00; (b) the Litigation Costs, estimated in an approximate final amount of $2,500.00; (c) the Incentive Award to the Named Plaintiff, in an amount of $2,500.00; (d) the Settlement Costs, estimated in an amount of $9,592.80. The Total Payout Fund consists of the $155,000.00 Maximum Settlement Fund, less these deductions.

14. The Gross Settlement Amounts to the individual Settlement Collective Members were then computed as follows. First, each Settlement Collective Member was guaranteed a minimum payment of $1,000.00 (the "Individual Minimum Payment"). In addition to the Individual Minimum Payment, each Settlement Class Member is expected to receive an Overtime Award. The Overtime Award was calculated by multiplying his/her number of overtime hours (performed within the United States) between April 27, 2010 and April 26, 2013 by one and one-half times his/her hourly rate. Heffler then calculated the Gross Overtime Awards (which is the sum of the Individual Minimum Payment and the Overtime Award) for each Settlement Collective Member. Heffler confirmed that the sum of all of the Gross Overtime Awards totals $53,119.43. Adding the estimated employer taxes ($5,201.42) to the aggregate of the Gross Overtime Awards creates a total of $58,320.85. As the $58,320.85 is less than the Total Payout Fund ($88,792.20), the estimated remainder ($30,471.35) shall revert back to the Defendant.

4

15. Heffler's preliminary calculation of the Gross Settlement Amounts for each Settlement Collective Member is attached hereto as **Exhibit B**.

I declare under penalty of perjury that the contents of this Declaration are true and correct to the best of my knowledge, information, and belief.

*[signature]*
BRIAN RADETICH

Dated: April 8, 2014

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

DAVID ZIBBON
Individually and on Behalf of All Others
Similarly Situated,

    Plaintiffs,

v.

COMPASS SYSTEMS, INC.

    Defendant.

Case No.: 8:13-cv-01244 (RWT)

## NOTICE OF PROPOSED FLSA COLLECTIVE ACTION SETTLEMENT AND HEARING

**ATTENTION:** All current and former employees of Compass Systems, Inc. who have worked as a UAV Mechanic/Technician (also referred to as a UAV Mech/Tech, Aviation/Aircraft Technician, and/or "UAST") and performed work as such within the United States at any time between April 27, 2010 and April 26, 2013.

### PLEASE READ THIS NOTICE CAREFULLY.

You may be entitled to money from a settlement proposed in a lawsuit that is currently pending in the United States District Court for the District of Maryland if: (1) you worked for Compass Systems, Inc. as a UAV Mechanic/Technician (also referred to as a UAV Mech/Tech, Aviation/Aircraft Technician, and/or "UAST") and performed work as such within the United States at any time between April 27, 2010 and April 26, 2013; and (2) you complete and return the enclosed Claim Form by the Claim Deadline.

### I.   INTRODUCTION

On April 26, 2013, David Zibbon, a former UAV Mechanic/Technician for Defendant Compass, filed this lawsuit in the United States District Court for the District of Maryland as a putative collective action under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 et seq. and as a putative Rule 23 class action under the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-350 et seq. (herein referred to as the "FLSA Collective Action"). The FLSA Collective Action alleges that Defendant Compass failed to pay certain overtime compensation to "similarly situated" current and former UAV Mechanic/Technicians ("UAV Mech/Techs"). In the FLSA Collective Action Complaint, Plaintiff Zibbon claims that he and other allegedly "similarly situated" UAV Mech/Techs were improperly classified as exempt under the FLSA and AMWA and, thus, denied time-and-a-half overtime compensation to which they are entitled for work performed in excess of 40 hours in a workweek.

1

Defendant Compass has denied and continues to deny any liability or wrongdoing, and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the FLSA Collective Action. Defendant Compass further asserts that a 2012 United States Department of Labor investigation confirmed that there were no FLSA violations in connection with the category of employees at issue in this FLSA Collective Action. However, to avoid the burden, expense, inconvenience, and uncertainty of proceeding with the litigation through trial, Defendant Compass has concluded that it is in its best interests to resolve and settle the FLSA Collective Action.

After engaging in discovery and settlement negotiations over the course of a month, the parties have reached an agreement to settle the FLSA Collective Action (the "Proposed Settlement"), which is subject to approval by the Court.

The purpose of this Notice is to inform you of the terms of the Proposed Settlement and of your rights and options in connection with the Proposed Settlement. If approved, the Proposed Settlement will resolve all claims in the FLSA Collective Action for those persons who elect to participate in the Proposed Settlement as members of the Plaintiff Class.

A hearing will be held to determine whether the Proposed Settlement should be approved. In order to participate in the Proposed Settlement, you must fill out and return to the Settlement Administrator (identified in Section IV below) the attached Claim Form, postmarked on or before the Claim Deadline of <u>April 4, 2014</u>.

This Notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party to the FLSA Collective Action.

## II.   THE REASON YOU HAVE RECEIVED THIS NOTICE

You have received this Notice because Defendant Compass' records indicate that you may be eligible to participate in the Proposed Settlement as a member of the Plaintiff Class. The Proposed Settlement defines the "Plaintiff Class" as:

> *All current and former employees of Compass Systems, Inc. who have worked as a UAV Mechanic/Technician (also referred to as a UAV Mech/Tech, Aviation/Aircraft Technician, and/or "UAST") and performed work as such within the United States at any time between April 27, 2010 and April 26, 2013.*

If you meet this definition, and you timely submit a valid, completed Claim Form in accordance with the instructions outlined in Section IV of this Notice, you will be entitled to receive payment under the terms of the Proposed Settlement, and you will fully release Defendant Compass from any claim included within the scope of the Release described in Section VI.

If you do not timely submit a completed Claim Form, you will forfeit your opportunity to receive a settlement payment, but you will not release Defendant Compass from any claims.

## III.   SUMMARY OF RELIEF PROVIDED BY THE PROPOSED SETTLEMENT

For purposes of settlement, and without admitting any liability or wrongdoing, Defendant Compass has agreed to provide certain relief to members of the Plaintiff Class who submit Claim

2

Forms in accordance with the procedures described in Section IV of this Notice. The following represents only a summary of the relief contained in the Proposed Settlement. If you would like to obtain a copy of the full Proposed Settlement, you are advised to contact counsel for the Plaintiff Class ("Class Counsel") (identified in Section IV below). In the event that there are conflicts between this Notice and the Proposed Settlement, the terms of the Proposed Settlement shall govern.

The relief granted by the Proposed Settlement is summarized as follows:

1. If you choose to participate, and the Proposed Settlement is approved by the Court, you will receive a minimum payment of $1,000 (the "Individual Minimum Payment"). You will be eligible to receive an additional payment if you worked any overtime hours (i.e., hours above 40 in a workweek) as a UAV Mechanic/Technician (also referred to as a UAV Mech/Tech, Aviation/Aircraft Technician, and/or "UAST") in the United States at any time between April 27, 2010 and April 26, 2013.

2. The total amount to be made available by Defendant Compass (the "Settlement Fund") has a maximum possible value of One Hundred Fifty Five Thousand Dollars ($155,000.00), subject to deductions explained below.

3. In addition to the Individual Minimum Payment, each Plaintiff Class member will receive a payment based on the amount of overtime that he/she worked as a UAV Mech/Tech in the United States between April 27, 2010 and April 26, 2013. Specifically, each Plaintiff Class member's payment will be computed by multiplying the number of overtime hours he or she worked as a UAV Mech/Tech in the United States during the timeframe of April 27, 2010 through April 26, 2013 by one and one-half times his/her hourly rate. The number of such overtime hours which for each UAV Mech/Tech will be determined by Defendant Compass' records. If the sum of these payments is greater than the available amount of the Settlement Fund, each Plaintiff Class member will receive a pro rata share of the Settlement Fund.

4. Based upon the equitable formula of the Proposed Settlement, there may be substantial differences among the settlement amounts to be received by the members of the Plaintiff Class. This is because the settlement amounts are based on the number of overtime hours each member of the Plaintiff Class worked in the United States during the relevant time-frame.

5. The Settlement Administrator will make all legally mandated payroll deductions from any payments paid to you, as set forth in the Proposed Settlement.

6. You are not required to pay any portion of the attorneys' fees and costs of either party. Under the terms of the Proposed Settlement, Class Counsel's fees and costs will be paid from the Settlement Fund. Class Counsel has requested an award of attorneys' fees equal to 33.3% of the Settlement Fund, or an amount not to exceed $51,615. The requested costs are expected to be in the range of $2,000 to $2,500.

7. Class Counsel has also requested that the Court approve an additional incentive award from the Settlement Fund to David Zibbon (the "Named Plaintiff"). Specifically, Class Counsel has requested an incentive award to the Named Plaintiff in the amount of $2,500.

3

Case 8:13-cv-01244-RWT   Document 34-2   Filed 04/11/14   Page 11 of 16
Case 8:13-cv-01244-RWT   Document 32   Filed 04/09/14   Page 13 of 20

8. The Proposed Settlement also calls for the Settlement Administrator to be paid from the Settlement Fund. The Settlement Administrator's expenses are estimated to be approximately $5,000 and encompasses its services for providing this Notice to all members of the Plaintiff Class, receiving any Opt-In forms, calculating all settlement payments, and preparing/providing the settlement checks.

## IV. YOUR RIGHTS AND OPTIONS

If you want to participate in the Proposed Settlement and receive money if the Proposed Settlement is approved, you must complete, sign, and date the enclosed Claim Form and mail it to the Settlement Administrator at the following address:

> Compass Settlement Administrator
> Heffler Claims Administration
> 1515 Market Street
> Suite 1700
> Philadelphia, PA 19102
> 1-877-711-8800

The envelope containing your completed, signed, and dated Claim Form must be postmarked on or before <u>April 4, 2014</u>. By submitting a timely and complete Claim Form, you agree to be bound by all of the provisions of the Proposed Settlement, including a full release of claims that will prevent you from separately suing Defendant Compass, its past or present officers, directors, employees, or any other related persons or entities for the matters being settled in this case. The release is described more fully in Section VI below.

Any member of the Plaintiff Class who does not submit a timely and complete Claim Form will not receive a share of the monetary recovery provided by the Proposed Settlement. Any member of the Plaintiff Class who believes that the Proposed Settlement should not be approved by the Court for any reason, or who objects to the proposed incentive award to the Named Plaintiff or the proposed award of attorneys' fees and costs to Class Counsel, should (1) submit a complete and timely Claim Form, and (2) file written objections with the Court, stating the basis of any objection, prior to the settlement hearing. Any such person may also appear and be heard at the settlement hearing, but need not do so if a written objection is filed with the Court in advance.

Unless you elect otherwise (as explained in Section V below), you will be represented in this matter, at no cost to you, by Class Counsel:

> Peter R. Rosenzweig, Esq.
> RUBIN, FORTUNATO & HARBISON P.C.
> 10 South Leopard Road
> Paoli, PA 19301
> (610) 408-2004
> prosenzweig@rubinfortunato.com

If you have any questions concerning the Proposed Settlement, or this Notice, or if you lose, misplace, or need another Claim Form, you may contact Class Counsel.

4

## V. SETTLEMENT HEARING

On April 21, 2014, at 3:30 pm, a settlement hearing will be held before the Honorable Roger W. Titus of the United States District Court for the District of Maryland, located at 6500 Cherrywood Lane, Greenbelt, Maryland, 20770. At that hearing, the Court will decide whether to approve the Proposed Settlement.

Any member of the Plaintiff Class who has submitted a valid and timely Claim Form may be heard at that hearing by either appearing in person or by filing written objections in advance with the Court, as described above. Any attorney who intends to represent an individual Plaintiff objecting to the Proposed Settlement and any Plaintiff who wishes to proceed *pro se* (*i.e.*, to represent him or herself and not be represented by Class Counsel) must file a notice of appearance with the Court on or before April 7, 2014.

Any member of the Plaintiff Class who submits a complete and timely Claim Form and is satisfied with the Proposed Settlement need not appear at the settlement hearing. Any member of the Plaintiff Class who submits a complete and timely Claim Form will be permitted to withdraw at any point prior to approval of the settlement by filing written notice with the Court or by appearing and being heard at the settlement hearing.

## VI. RELEASE

If you timely submit a Claim Form, you will fully and finally release Defendant Compass and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties"), from all known or unknown claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever arising out of, relating to, or in connection with compensation for any work performed for Defendant Compass, including, but not limited to, claims for overtime, travel time, unreported time, reported time, work performed in the United States, work performed outside the United States, and the causes of action asserted, or which could have been asserted, in this FLSA Collective Action, as well as any other alleged violations of federal, state, local, or other wage and hour requirements (the "Released Claims"). The Released Claims include claims for economic damages, non-economic damages, restitution, penalties, liquidated damages, treble damages, or attorneys' fees or costs.

The Released Claims include any unknown claims that you do not know or suspect to exist in your favor at the time of the release, which, if known, might have affected your settlement with, and release of, the Released Parties. You may hereafter discover facts in addition to or different from those you now know or believe to be true with respect to the subject matter of the Released Claims, but you shall be deemed to have fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts regarding the Released Claims.

5

This waiver and release of claims shall be binding on all members of the Plaintiff Class who timely submit a Claim Form, including each of their respective attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns.

## VII.  NO RETALIATION OR UNDUE INFLUENCE PERMITTED

Federal law prohibits employers from retaliating against employees who exercise their rights under federal wage and hour laws. In the event that you feel you have been threatened or coerced to participate or not participate in the Proposed Settlement, or retaliated against for electing to participate or not participate, you should immediately contact Class Counsel at the phone number listed above in Section IV.

## VIII. ADDITIONAL INFORMATION

All inquiries regarding this Notice and/or the Proposed Settlement, including the amounts estimated to be payable if the Proposed Settlement is approved, should be directed to Class Counsel.

**PLEASE DO NOT CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THE PROPOSED SETTLEMENT OR CLAIM PROCESS.**

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

DAVID ZIBBON
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiffs,

v.

COMPASS SYSTEMS, INC.

        Defendant.

Case No.: 8:13-cv-01244 (RWT)

## CLAIM, WAIVER, RELEASE AND CONSENT TO JOIN FLSA COLLECTIVE ACTION FORM

INSTRUCTIONS:

1. Please complete, sign, and mail this form to share in the recovery and consent to join this FLSA Collective Action.
2. If you move, please send us your new address.
3. Please do not send any supporting documentation at this time. If such documentation is deemed necessary, a separate request will be sent to you directly.
4. If found eligible, you should not expect to receive any payment until approximately July 1, 2014.

PLEASE TYPE OR PRINT:

_____
Name (First, Middle, Last):

_____
Street Address:

_____
City, State, Zip Code:

_____
Telephone Number:

Former Names (If Any): _____

Last Four Digits of Social Security Number: _____

Employee ID # (If Known): _____

YOU MUST <u>COMPLETE</u>, SIGN, AND <u>MAIL</u> THIS FORM BY U.S. FIRST CLASS MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE <u>April 4, 2014</u>, ADDRESSED AS FOLLOWS, IN ORDER TO SHARE IN THE MONETARY RECOVERY FROM THIS FLSA COLLECTIVE ACTION.

> MAIL TO:
> Compass Settlement Administrator
> Heffler Claims Administration
> 1515 Market Street
> Suite 1700
> Philadelphia, PA 19102

I declare under penalty of perjury that the foregoing is true and correct and that I was employed by Compass Systems, Inc. as a UAV Mechanic/Technician (also referred to as a UAV Mech/Tech, Aviation/Aircraft Technician, and/or "UAST") and performed work as such within the United States at any time between April 27, 2010 and April 26, 2013.

By signing the below, I understand that I am agreeing to fully and finally release Defendant Compass and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties"), from all known or unknown claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever arising out of, relating to, or in connection with compensation for any work performed for Defendant Compass, including, but not limited to, claims for overtime, travel time, unreported time, reported time, work performed in the United States, work performed outside the United States, and the causes of action asserted,

2

or which could have been asserted, in this FLSA Collective Action, as well as any other alleged violations of federal, state, local, or other wage and hour requirements (the "Released Claims"). The Released Claims include claims for economic damages, non-economic damages, restitution, penalties, liquidated damages, treble damages, or attorneys' fees or costs.

The Released Claims include any unknown claims that I do not know or suspect to exist in my favor at the time of the release, which, if known, might have affected my settlement with, and release of, the Released Parties. I may hereafter discover facts in addition to or different from those I now know or believe to be true with respect to the subject matter of the Released Claims, but I shall be deemed to have fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts regarding the Released Claims.

I understand this waiver and release of claims shall be binding on me, as well as all my attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns.

I have reviewed the Notice and this Claim Form and I hereby consent to join this FLSA Collective Action and have the Named Plaintiff and Class Counsel represent me in this action pursuant to 29 U.S.C. § 216(b).

_____        _____
(Signature)                           (Date)

3