IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

DAVID ZIBBON  
Individually and on Behalf of All Others  
Similarly Situated,  

    Plaintiffs,  

v.  

COMPASS SYSTEMS, INC.  

    Defendant.  

Civil Action No. 8:13-cv-01244 (RWT)

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, on January 23, 2014, the Court entered its Order of Preliminary Approval of the parties' Fair Labor Standards Act ("FLSA") collective action settlement (the "Preliminary Approval Order") [Doc. 30]; and

WHEREAS, the approved Notices and Claim Forms were mailed to all 15 members of the Plaintiff Class on February 11, 2014, and follow-up procedures outlined in the Stipulation and Proposed Settlement Agreement [Doc. 28] ("Settlement Agreement") were completed; and

WHEREAS, a hearing on final approval of the settlement was held before the Court on April 21, 2014; and

WHEREAS, no objections to the settlement were made by any members of the Plaintiff Class; and

WHEREAS, the Court, being duly advised, finds that good cause exists for entry of the below Order,

IT IS HEREBY ORDERED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement, previously filed with this Court.

2. The Court finds that notice to the Plaintiff Class has been completed in conformity with the Settlement Agreement and the Preliminary Approval Order. The Court finds that this notice was the best practicable notice under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process.

3. The settlement of this FLSA collective action on the terms set forth in the Settlement Agreement is approved as fair, adequate and reasonable, and in the best interests of the Named Plaintiff and the Plaintiff Class.

4. The settlement is binding on all members of the Plaintiff Class who have submitted valid Claim Forms (the "Settlement Collective Members") and on the Named Plaintiff.

5. As of the Effective Date, the Settlement Collective Members, including the Named Plaintiff, release Defendant Compass and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties"), from the "Released Claims," which are defined as all known or unknown claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever arising out of, relating to, or in connection with compensation for any work performed for Defendant Compass, including, but not limited to, claims for overtime, travel time, unreported time, reported time, work performed in the United

States, work performed outside the United States, and the causes of action asserted, or which could have been asserted, in the Litigation, as well as any other alleged violations of federal, state, local, or other wage and hour requirements. The Released Claims include claims for economic damages, non-economic damages, restitution, penalties, liquidated damages, treble damages, or attorneys' fees or costs. The Released Claims include any unknown claims the Settlement Collective Members do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their settlement with, and release of, the Released Parties. The Settlement Collective Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts regarding the Released Claims. The Settlement Collective Members agree not to sue or otherwise make a claim against any of the Released Parties that is any way related to the Released Claims.

6.  In addition to the releases made by the Settlement Collective Members, as of the Effective Date, the Named Plaintiff makes the following general release of all claims, known or unknown. The Named Plaintiff releases the Released Parties from any and all actions, causes of action, suits, debts, claims, complaints, charges, contracts, controversies, agreements, promises, damages, counterclaims, cross-claims, claims for contribution and/or indemnity, claims for costs

and/or attorneys' fees, judgments and demands whatsoever, in law or equity, known or unknown, that the Named Plaintiff ever had, now has, or may have against the Released Parties. This release includes, but is not limited to, any claims alleging breach of express or implied contract, wrongful discharge, constructive discharge, breach of an implied covenant of good faith and fair dealing, negligent or intentional infliction of emotional distress, negligent supervision or retention, violation of the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, claims pursuant to any other federal, state or local law regarding discrimination, harassment or retaliation based on age, race, sex, religion, national origin, marital status, disability, sexual orientation or any other unlawful basis or protected status or activity, and claims for alleged violation of any other local, state or federal law, regulation, ordinance, public policy or common-law duty having any bearing whatsoever upon the terms and conditions of, and/or the cessation of the Named Plaintiff's employment with and by Defendant Compass. This release (the "General Release") does not include claims that may not be released under applicable law.

7. Neither this Order nor any aspect of this settlement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant Compass.

8. The Clerk shall enter a final judgment dismissing this action on the merits with prejudice and without costs or attorneys' fees to either party, except as provided in the Settlement Agreement and the Court's Order on Plaintiffs' Uncontested Motion for Approval of Attorney's Fees and Reimbursement of Litigation Costs.

9. The dismissal of this case is without prejudice to the rights of the parties to enforce the terms of the Settlement Agreement. Without affecting the finality of this Order, or

the judgment to be entered pursuant hereto, in any way, the Court retains jurisdiction over this matter for purposes of resolving any disputes which may arise under this Settlement Agreement.

SO ORDERED.

DATE: April 21, 2014

The Honorable Roger W. Titus
United States District Judge
U.S. District Court for the District of Maryland